In re Michael C. SOULT,
D.M.D., Debtor,

Michael C. SOULT, D.M.D.,
Debtor–Appellee,

v.

William C. MADDOX, D.D.S.,
Creditor–Appellant.

No. 89–3303.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 14, 1989.

Decided Jan. 23, 1990.

Donald A. Nickerson, Jr., George L. Henry (argued), Schrim, Henry & Greenwald, Columbus, Ohio, for debtor-appellee.

Mark S. Coco (argued), Jones & Troyan, Columbus, Ohio, for creditor-appellant.

Before: WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

The issue in this appeal is whether a bankruptcy court erred in reopening a no-asset Chapter 7 bankruptcy proceeding to permit the listing of a previously omitted creditor, notwithstanding that a bar date had been set and the case had closed years earlier. The district court, 97 B.R. 363, found no error in the bankruptcy court's decision. Neither do we.

**I**

The debtor in this case, Michael C. Soult, D.M.D., purchased a dental practice from William C. Maddox, D.D.S. Dr. Soult went bankrupt before the practice was fully paid for. The parties agree that at the time of the bankruptcy Dr. Soult owed Dr. Maddox over $14,000.

Dr. Soult filed a statement of financial affairs with the bankruptcy court in March of 1983. The statement failed to list Dr. Maddox as a creditor. The bankruptcy court subsequently sent out notices of a creditors' meeting, discharge hearing, reaffirmation hearing, etc., but because Dr. Maddox had not been listed as a creditor, he received none of the notices.

The bankruptcy court set October 5, 1983, as the date by which proofs of claim had to be filed. Dr. Maddox did not learn of the bankruptcy until August of 1984. It was too late to file a proof of claim then; if he had filed a timely proof of claim, however, Dr. Maddox would not have taken anything in the bankruptcy proceeding.

Several years passed after Dr. Soult received his discharge, and during that time he may have made some after-acquisitions of property. In 1988, in any event, Dr. Maddox brought an action against Dr. Soult in an Ohio common pleas court to recover the balance due on the sale of the dental practice.

Under 11 U.S.C. § 523(a)(3)(A), Dr. Maddox's action was not barred by the discharge. That statute provides, in perti-

nent part, that "[a] discharge ... does not discharge an individual debtor from any debt ... neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing." It is admitted that Dr. Maddox had no such notice or actual knowledge.

Following the commencement of Dr. Maddox's action in the common pleas court, Dr. Soult moved for a reopening of the bankruptcy case. The bankruptcy court granted the motion to reopen and allowed Dr. Maddox to be listed as a creditor *nunc pro tunc*, as it were. Dr. Maddox, his claim now barred by the discharge, appealed to the district court. When that court affirmed the bankruptcy court's order, Dr. Maddox appealed to this court.

## II

In allowing the debtor to reopen his case, the bankruptcy court relied heavily upon *In re Rosinski*, 759 F.2d 539 (6th Cir.1985). The *Rosinski* court held that:

> "Under current law, [a debtor] may be prevented from amending [his] schedule *only* if [his] failure to include the creditor on the original schedule can be shown to have prejudiced him in some way or to have been part of a scheme of fraud or intentional design." *Id.* at 541 (emphasis added).

Dr. Maddox argues that *Rosinski* is distinguishable on its facts, no bar date ever having been set in that case. A bar date was set in the present case. That date having passed before Dr. Maddox learned of the bankruptcy, Dr. Maddox argues that we would be rewriting 11 U.S.C. § 523(a)(3)(A), in effect, if we were now to allow his unlisted and unscheduled debt to be covered by the discharge.

Dr. Maddox relies heavily upon *In re Laczko*, 37 B.R. 676 (Bkrtcy.Ariz.1984), *aff'd*, 772 F.2d 912 (9th Cir.1985), a bankruptcy court decision affirmed without opinion by the Court of Appeals for the Ninth Circuit. In *Laczko*, the court noted that two lines of authority have developed

under 11 U.S.C. § 523(a)(3) and its Bankruptcy Act predeccesor.

The first such line of authority holds that in a no-asset case where no fraud is involved and where the creditor was omitted through mistake or inadvertence, a bankruptcy court has the equitable power to allow the schedule of debts to be amended after the expiration of the claims period. *See Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964). The *Rosinski* case would seem to put our circuit in that camp.

The other line of authority, denying the existence of any such equitable power, holds that "he who seeks the protection of a statutory bar against payment of his debts be required to bring himself within the provisions of the statutory grant." *Milando v. Peronne*, 157 F.2d 1002, 1004 (2d Cir.1946); see also *In re Brown*, 27 B.R. 151 (Bkrtcy.N.D.Ohio 1982). The *Laczko* court opted to follow this second line of authority.

We do not see how we could follow *Laczko* without repudiating *Rosinski*, a case that did not turn on the absence of a bar date. Nor can we rewrite 11 U.S.C. § 350(b), which provides that "[a] case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." *Rosinski* teaches that "other cause" can be found when the failure to schedule a debt was simply inadvertent and did not prejudice the creditor in any way.

Dr. Maddox has not lost any meaningful right that he would have enjoyed if he had been properly listed in the first place. The bankruptcy court specifically indicated that if assets from which a dividend could be paid should ever be discovered, Dr. Maddox would be entitled to participate in the dividend. If Dr. Maddox wants to contest dischargeability, he can do that. See *In re Brown*, 60 B.R. 983 (Bkrtcy.S.D.Ohio 1986); *In re Daniels*, 51 B.R. 142 (Bkrtcy.S.D. Ohio 1985). "Under the Code, only the creditors' rights to participate in a dividend and to obtain a determination of dischargeability are of such importance that their loss mandates exception of a late scheduled debt from discharge." *Rosinski*, 759 F.2d

at 542. Dr. Maddox has not lost any such right.

The case could not be reopened, of course, if Dr. Soult's original failure to schedule the Maddox debt was willful, reckless, or fraudulent. Based on the evidence, however, the bankruptcy court found that it was not. The court concluded that the omission was simply the result of an inadvertent mistake on the part of Dr. Soult's lawyer. Such a finding of fact cannot be set aside unless clearly erroneous. See *Loudermill v. Cleveland Board of Education*, 844 F.2d 304 (6th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988). No such error was committed here. We agree with the bankruptcy court that the failure to schedule the debt was negligent, but was not willful, reckless, or fraudulent.

The judgment is AFFIRMED.