Larry J. McClatchey, Emens, Hurd, Kegler & Ritter, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

**In re Steven Wayne MOORE and Vicki Jo Moore, Debtors.**

**Bankruptcy No. 2–89–03733.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

March 29, 1991.

## OPINION AND ORDER ON MOTION TO REOPEN CASE

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Introduction*

This matter is before the Court upon the Motion to Reopen Case ("Motion") filed by Steven Wayne and Vicki Jo Moore, the debtors in this closed Chapter 7 case. The Motion is opposed by Lucas Truck Sales and Hartman's Truck Center. Following a hearing held on March 22, 1991, the Court took this matter under advisement.

The Court is vested with jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(1) and (2)(A). The following opinion and order shall constitute the Court's findings of fact and conclusions of law.

## II. *Findings of Fact*

1. On July 5, 1989, the debtors voluntarily filed a joint petition for relief under the provisions of Chapter 7 of the Bankruptcy Code.

2. In the schedules accompanying their petition, the debtors disclosed that a lawsuit, initiated by Lucas Truck Sales ("Lucas"), was pending against them at the time of the filing of the petition. The schedules also listed Credit Thrift as a creditor holding a secured claim in the amount of $18,000. The debtors' schedules failed to reflect any outstanding obligations owing to Hartman's Truck Center ("Hartman's").

3. Due to the debtors' failure to list Hartman's as a creditor, none of the notices or orders which were served upon parties-in-interest in this case by the bankruptcy clerk through the Bankruptcy Automated Noticing System ("BANS") were served upon Hartman's.

4. The Order for Meeting of Creditors, Combined with Notice Thereof and Automatic Stay, entered by the Court on July 13, 1989—which, for the reason described in the foregoing paragraphs, obviously was not received by Hartman's—contained the following language:

> **Special Notice** It appears from the schedules of the debtor that there are no assets from which any dividend can be paid to creditors. It is unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate. If subsequently it appears that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims.

The order also stated that agreements to reaffirm a debt pursuant to 11 U.S.C. § 523(c) had to be filed with the Court by October 16, 1989.

5. On December 5, 1989, an order was issued by the Court granting the debtors a discharge pursuant to 11 U.S.C. § 727.

6. The debtors filed the instant Motion seeking an order permitting the reopening of their bankruptcy case. The debtors' request is premised upon the following grounds:

> (1) To file an [sic] complaint against *Lucas Truck Sales* to determine the extent, priority and validity of a judicial lien upon the real estate of the debtors and for a Section 506 valuation in connection thereto;
> (2) To file an amendment adding the unsecured, pre-petition debt of *Hartman's Truck Center*, and have it discharged part of the bankruptcy;
> (3) To file a re-negotiated and revised reaffirmation agreement on a secured debt between the debtors and *Credit Thrift*.

*See* Debtors' Motion at 1.

7. Memoranda contra to the Motion were filed by Lucas and Hartman's. Credit Thrift did not file a written objection to the Motion and, thus, apparently does not oppose the reopening of the case.[1]

8. At the hearing held on March 22, 1991, the debtors withdrew their request to reopen this case as to Lucas in light of the Sixth Circuit opinion in *In re Dixon*, 885 F.2d 327 (6th Cir.1989).

## III. *Conclusions of Law*

■ This Motion is brought pursuant to 11 U.S.C. § 350(b), which provides as follows:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

---

1. The Court notes that the basis upon which the debtors seek to reopen their case as to Credit Thrift appears to be unwarranted. Section 524(c)(1) of the Code provides that "[a]n agreement between a holder of a claim and the debt- or ... is enforceable only to any extent enforceable under applicable nonbankruptcy law whether or not discharge of such debt is waived, only if such agreement was made *before* the granting of the discharge...."

The decision whether to grant requests seeking to reopen bankruptcy cases in order to allow for the amendment of schedules rests within the sound discretion of the court, and will not be set aside absent abuse of discretion. *In re Jones,* 490 F.2d 452 (5th Cir.1974); *Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539, 540–41 (6th Cir. 1985).

The controlling precedent relating to the issue of reopening a bankruptcy case is found in the Sixth Circuit's decisions in *Rosinski* and *Soult v. Maddox (In re Soult),* 894 F.2d 815 (6th Cir.1990). Acknowledging that "harm to the debtor rather than notice is the key issue here," the Sixth Circuit Court of Appeals articulated the following rule:

> A debtor "may be prevented from [reopening to] amend ... her schedule only if her failure to include a creditor on the original schedule can be shown to have prejudiced ... [the creditor] in some way or to have been part of a scheme of fraud or intentional design."

*In re Rosinski,* 759 F.2d at 541; *Stark v. St. Mary's Hospital (Matter of Stark),* 717 F.2d 322 (7th Cir.1983); *In re Meile,* 36 B.R. 719, 720 (Bankr.S.D.Ill., 1984). Stated another way, in a case where the trustee has found there to be no assets available for distribution to creditors, no fraud is involved and the debtor omitted listing the creditor through mistake or inadvertence, the court has the equitable power to permit the reopening of the bankruptcy case. *See In re Soult,* 894 F.2d 815 (6th Cir.1990); *In re Rosinski,* 759 F.2d 539 (6th Cir.1985); *Robinson v. Mann,* 339 F.2d 547 (5th Cir. 1964). The Sixth Circuit in *Rosinski* and *Soult* also required that there be no prejudice to the creditor. The predominant types of prejudice recognized by the appellate court as severe enough to mandate a refusal to reopen a case include "(1) loss by a creditor of his right to participate in a dividend; and (2) loss of the opportunity to obtain a determination of dischargeability."

█ Having reviewed the arguments of the parties and the record made at the hearing, and having considered the legal principles outlined above, the Court concludes that reopening this Chapter 7 case would be appropriate. There are two sepa-

rate and independent factors which support reopening this case. First, Hartman's has not lost any meaningful right that it would have enjoyed if it had been properly listed in the debtors' schedules. Given the fact that this case has been characterized as what is commonly referred to as a "no-asset" case, Hartman's—even if it had filed a timely proof of claim—would not have received any distribution from the bankruptcy estate. Secondly, the record is devoid of any evidence which would indicate that the debtors acted willfully, recklessly, or fraudulently. *See In re Soult,* 894 F.2d 815 (6th Cir.1990); *In re Rosinski,* 759 F.2d 539 (6th Cir.1985). In fact, the uncontroverted testimony elicited at the hearing indicated that the debtors inadvertently omitted listing Hartman's on their petition. Therefore, in light of Hartman's failure to demonstrate any prejudice that has been or may be suffered by it, equity mandates that the Court reopen the debtors' bankruptcy case.

Based upon the foregoing, the Motion hereby is GRANTED so as to permit the debtors to include Hartman's in the list of creditors. The Motion is further GRANTED so as to allow the filing of an executed reaffirmation agreement; however, the enforceability of that agreement is questionable by virtue of 11 U.S.C. § 524(c)(1).

IT IS SO ORDERED.