**In re Stephen Noel DODGE and Esther Marie Dodge, Debtors.**

**Bankruptcy No. 88–01437–SJ–7–DJS.**

United States Bankruptcy Court,
W.D. Missouri.

Oct. 18, 1991.

John Manring, Utz, Litvak, Summers, Powers & Manring, St. Joseph, Mo., for debtors.

Robert Pummill, Barker, Rubin & Pummill, Kansas City, Mo., for creditor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matter before the Court is the Motion to Alter or Amend submitted by Farm Credit Bank of St. Louis ("Farm Credit Bank"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2).

Stephen Noel Dodge and Esther Marie Dodge ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 30, 1988. Farm Credit Bank was not listed as a creditor in Debtors' Bankruptcy Schedules. The case was a no-asset case and Debtors received a discharge on June 30, 1988. On August 22, 1988, the Chapter 7 Trustee filed his Report of No Distribution, and the case was subsequently closed on August 25, 1988.

On July 22, 1991, Debtors filed a Motion to Reopen the Case, requesting that the Court enter an Order allowing Debtors to schedule Farm Credit Bank as an unsecured creditor and giving Farm Credit Bank an opportunity to object to Debtors' discharge. Debtors state that they inadvertently omitted from their schedules the claim of Farm Credit Bank, which arose out of Debtors' Guaranty of a Promissory Note of Dodge Farms, Inc., a closely held corporation. Debtors assert that they had forgotten and overlooked the existence of this Guaranty.

On August 1, 1991, this Court entered an Order granting Debtors' Motion, allowing Debtors to file amended schedules listing Farm Credit Bank as a creditor and granting Farm Credit Bank until September 16, 1991, to assert any dischargeability complaints under 11 U.S.C. § 523.

Farm Credit Bank has now filed its Motion, asking the Court to alter or amend its Order of August 1, 1991, and deny Debtors' Motion to Reopen. Farm Credit Bank asserts that Debtors have not carried their burden to advance some justification for their failure to list Farm Credit Bank as a creditor sufficient to show that such failure was not intentional or reckless.

Pursuant to 11 U.S.C. § 350(b), a bankruptcy case may be reopened in the court in which such case was closed (1) to administer assets, (2) to accord relief to the debtor, or (3) for other cause. Debtors' Motion to Reopen was based upon a request to accord relief to them.

The decision as to whether to reopen a bankruptcy case and allow amendment of schedules rests within the sound discretion of the bankruptcy judge. *In re Rosinski*, 759 F.2d 539, 540–41 (6th Cir. 1985). A case cannot be reopened if a debtor's original failure to schedule a debt can be shown to have prejudiced the omitted creditor or to have been fraudulent, willful, or reckless. *In re Soult*, 894 F.2d 815, 817–18 (6th Cir.1990). If, however, the omission was simply the result of an inadvertent mistake, the debtor may be allowed to reopen the case and amend its schedules. *Id.*

■ Where it is shown that a debtor has omitted a debt from its schedules, the burden is on the debtor to advance some justification for reopening the case sufficient to show that the omission was not fraudulent, willful, or reckless. *Rosinski*, 759 F.2d at 542. In this case, Debtors have represented that their omission of Farm Credit Bank from their Bankruptcy Schedules was due to an inadvertent mistake.

■ Farm Credit Bank relies upon *In re Smart*, 97 B.R. 380 (Bankr.S.D.Ohio 1989), in suggesting that Debtors are not entitled to reopen their case. The debtor in *Smart* listed a creditor in her schedules but failed to provide the creditor's mailing address, and, as a result, the creditor never received notice of the bankruptcy. After the debtor received a discharge and the case was closed, the debtor moved to reopen the case to allow amendment of her schedules. In denying the debtor's motion to reopen, the court discussed a number of factors which evidenced the debtor's reckless disregard for the accuracy of her schedules and militated against reopening the case, including:

(1) Debtor listed the creditor, and therefore was certainly aware of the debt, but failed to provide the creditor's mailing address;

(2) Debtor completely omitted the creditor from the matrix list of creditors, even though the creditor had been listed in the debtor's schedules;

(3) Debtor failed to serve the creditor with her statement of intention regarding reaffirmation of the debt to the omitted creditor;

(4) Debtor did not file an amended statement of intention with the court when she decided not to reaffirm her debt to the omitted creditor;

(5) Debtor allowed storage fees in excess of the value of the collateral to accrue, thereby preventing the omitted creditor from regaining possession of its collateral; and

(6) Debtor failed to appear before the court to explain her conduct or establish that her conduct was not fraudulent, willful, or reckless.

The fact that the debtor in *Smart* listed the creditor in her schedules was a strong indication of her awareness of the debt owed to the creditor and that she was, therefore, at the very least, reckless in not, *inter alia*, providing the creditor's mailing address or serving the creditor with her statement of intention. In addition, the debtor in *Smart* made no attempt to explain or justify her omissions. In this case, Debtors did not list Farm Credit Bank at all, indicating that they may have simply overlooked their obligation under the Guaranty or did not understand what that obligation included. Moreover, Debtors have represented that the omission of Farm Credit Bank from their schedules was inadvertent. I find that Debtors did not fraudulently, willfully, or recklessly omit Farm Credit Bank from their Bankruptcy Schedules. Rather, such omission resulted from mere inadvertence or mistake on Debtors' part.

■ Farm Credit Bank also contends that it has been prejudiced as a result of being omitted from Debtors' schedules, and that such prejudice should preclude Debtors from reopening the case. Specifically, Farm Credit Bank alleges that, being unaware of Debtors' Chapter 7 proceedings and subsequent discharge, it continued to pursue collection of the debt, expending both time and money.

■ The predominant types of prejudice recognized as severe enough to mandate a refusal to reopen a bankruptcy case to allow an omitted creditor to be included in a debtor's amended schedules include: (1) loss by the creditor of its right to participate in a distribution; and (2) loss of the opportunity to obtain a determination of dischargeability. *See In re Moore*, 126 B.R. 528, 530 (Bankr.S.D.Ohio 1991); *Smart*, 97 B.R. at 382. In this case, there were no assets, and the case was closed after the Chapter 7 Trustee submitted his Report of No Distribution. Thus, Farm Credit Bank did not lose its right to participate in a distribution. Additionally, the Court's August 1, 1991 Order granting Debtors' Motion to Reopen gave Farm Credit Bank sufficient time to assert any

dischargeability complaints it might have. Therefore, the predominate prejudicial concerns are not present in this case.

Farm Credit Bank suggests to the Court that "where a creditor has expended time and effort in attempting to collect a debt which has been omitted from a petition, the expenditure of that time and effort is sufficient harm to the creditor so as not to warrant a reopening of the case." *See Smart,* 97 B.R. at 383. In *Smart,* however, the omitted creditor had instituted a collection action in state court and had incurred approximately $560.00 in legal fees prior to the debtor's motion to reopen.[1] Farm Credit Bank simply alleges that it expended "both time and money" pursuing collection of the debt. Since any fees incurred by Farm Credit Bank here were not associated with filing or prosecuting state court legal proceedings, I will not require Debtors to compensate Farm Credit Bank as a condition to reopening the case. *See Hawkins,* 727 F.2d at 327; *Smart,* 97 B.R. at 383; *see also* 2 Lawrence P. King et al., *Collier on Bankruptcy,* ¶ 350.03, at 350–7 (15th ed. 1991); *In re Minniear,* 88 B.R. 1005, 1006 (Bankr.W.D.Mo.1988) (Koger, J.).

In summary, for the reasons stated above, Farm Credit Bank's Motion to Alter or Amend is denied. Farm Credit Bank is granted an additional 30 days to assert any dischargeability complaint it may have against Debtors. A separate Order will be entered directing that judgment be entered accordingly.

---

1. Farm Credit Bank similarly relies upon *Hawkins v. Landmark Finance Co.,* 727 F.2d 324 (4th Cir.1984), in which the court found that the prejudice suffered by an omitted creditor was sufficient to support denial of the debtors' request to reopen the case to allow them to insti-tute a lien avoidance action under 11 U.S.C. § 522(f). As in *Smart,* the prejudice arose from the omitted creditor having already instituted foreclosure proceedings against the debtors and having incurred specific costs and expenses associated therewith.