**In re Timmy Wayne HIGGINS, Debtor.**

**Bankruptcy No. 92–50431.**

United States Bankruptcy Court,
W.D. Missouri.

Dec. 1, 1993.

Donald L. Crow, Kansas City, MO, for debtor.

David R. Buchanan, Kansas City, MO, for Dollar Rent–A–Car.

ARTHUR B. FEDERMAN, Bankruptcy Judge.

*MEMORANDUM OPINION*

Debtor moved this Court to reopen his Chapter 7 bankruptcy case. Dollar Rent–A–Car ("Dollar") objected to reopening the case, or, in the event the case is reopened, moved the Court to grant an extension of the bar date for the purpose of filing a dischargeability complaint. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). I find that either party may file a complaint to determine the dischargeability of this debt at any time, and that the main case may be reopened upon the filing of such a complaint.

**994**

## FACTUAL BACKGROUND

Debtor was driving a loaner car while waiting for repairs to be completed to a car he had purchased, when he was involved in an accident on September 20, 1991. Debtor apparently failed to see a traffic light and collided with another car owned by Dollar. Debtor received minor injuries, but no evidence was presented that anyone else was injured as a result of the accident. Debtor was cited for driving while intoxicated; however, such charges were dismissed when the breathalyzer test failed to establish that he was legally intoxicated.

This Chapter 7 bankruptcy case was filed by debtor on July 28, 1992. At that time he had not heard anything further about the accident, so he assumed the insurance company had reimbursed Dollar. Therefore, Dollar was not listed as a creditor, and did not receive notice of the bankruptcy. The bankruptcy case was uneventful; the trustee submitted a Report of No Distribution, and thereafter a discharge was entered and the case closed on October 29, 1992.

■ On February 5, 1993, Dollar filed suit against debtor in the Circuit Court of Jackson County, Missouri (Case No. CV93–2484) seeking damages in the amount of $6,828.03. Debtor was first made aware of this claim when he received notice that the suit had been filed against him. He then sought to reopen his bankruptcy case to add Dollar as an unsecured creditor. Dollar objected, claiming first that any debt found due to it is not dischargeable because it was not scheduled, and second that such debt is nondischargeable in any event pursuant to 11 U.S.C. § 523(a)(9).

1. Section 523(a)(3) of the Code provides as follows:

(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection,

## DISCUSSION

Section 350(b) of the Bankruptcy Code ("Code") provides:

(b) a case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). Most often, a debtor moves to reopen a case to obtain a dischargeability determination as to a given unscheduled debt. 11 U.S.C. § 523(a)(3).[1] The decision as to whether to reopen a case is within the sound discretion of the bankruptcy court. *See, e.g. Beezley v. California Land Title Company (In re Beezley),* 994 F.2d 1433, 1435 (9th Cir.1993); *In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985); *In re Bryant,* 147 B.R. 507, 513 (Bankr.W.D.Mo. 1992); *In re Dodge,* 133 B.R. 654, 655 (Bankr.W.D.Mo.1991).

■ Debts which are omitted from bankruptcy schedules fall into one of three categories. The first are those debts which are dischargeable if listed or not. 11 U.S.C. § 727(b); *Beezley,* 994 F.2d at 1436. The second arise from intentional torts which could be found nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6), if the creditor files a lawsuit seeking such determination. There is a time bar to the filing of such suits in the bankruptcy court. 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

The third category of debts are those, not arising from intentional torts, which are nondischargeable even if listed in the original bankruptcy schedules. *See* 11 U.S.C. § 523(a)(1), (3), (5), (7), (8), or (9). As to these, there is no time bar; either the creditor or the debtor may file an adversary action for a determination of nondischargeabili-

timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . .

11 U.S.C. § 523(a)(3).

 

ty at any time. Fed.R.Bankr.P. 4007(b).[2] Such action can be filed either in the bankruptcy court or the state court. If a creditor, or the debtor, wishes the bankruptcy court to determine the dischargeability of a given debt, such Court has jurisdiction to do so upon the filing of a complaint, even if the case has been closed. *Id.* One example of such a debt would be alimony owed to an ex-spouse. 11 U.S.C. § 523(a)(5). Another example, as in this case, is an obligation which arises from personal injuries caused by an intoxicated driver. 11 U.S.C. § 523(a)(9).

■ In any given no asset case the question is into which category the creditor's claim falls. Here, the creditor claims a debt under § 523(a)(9), which provides that:

> a discharge under section 727 ... does not discharge an individual debtor from any debt ... for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because debtor was intoxicated from using alcohol, a drug, or another substance;

11 U.S.C. § 523(a)(9). I should point out that Dollar has offered no evidence as of yet; however, it appears unlikely that Dollar will be able to make its cause of action under section 523(a)(9). Dollar's cause of action appears to be for property damage only, not death or personal injury as required by section 523(a)(9). Further, Dollar is a corporation and only an individual can bring a cause of action for personal injury.[3] Nevertheless, if either of the parties desires that this Court make a determination of dischargeability, an adversary action may be filed at any time pursuant to Rule 4007(b). If such a complaint is filed, and a party at that time requests reopening, the Clerk should reopen the main case.[4]

An Order consistent with this Memorandum Opinion will be entered this date.

---

**2.** Rule 4007(b) provides that:

> A complaint other than under § 523(c) [referring to time barred complaints] may be filed at anytime. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

**3.** Note that in the State of Missouri, Dollar would be prohibited from bringing a tort claim on behalf of another individual for personal injury even if such personal injuries had occurred. Public policy prohibits trafficking in lawsuits for pain and suffering, therefore, Missouri common law prevents a person from assigning his or her interest in a tort claim for personal injuries. *In re Shahzad,* 147 B.R. 34 (Bankr.E.D.Mo.1992) *citing In re Scarlett,* 121 B.R. 578 (W.D.Mo. 1990); *State ex re. Park Nat'l Bank v. Globe*

*Indemnity Co.,* 332 Mo. 1089, 61 S.W.2d 733, 736 (1933).

**4.** I question whether it is necessary to reopen the main case in order to make a dischargeability determination as to debts which are excepted from discharge by section 523(a)(1), (3), (5), (7), (8), or (9) of the Code. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of particular debts independent of its jurisdiction to administer the main case. For that reason, bankruptcy cases are routinely closed while an adversary proceeding is pending to determine the dischargeability of certain debts. However, since Rule 4007(b) contemplates reopening a case if an adversary action of a non-time barred nature is filed, I will allow the main case to be reopened if an when such a suit is filed.