**In re Richard D. CIESLAK and Deborah K. Cieslak, Debtors.**

**Bankruptcy No. 89–30342.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 19, 1994.

Gordon R. Barry, Toledo, OH, for debtors.

Elizabeth A. Vaughan, Toledo, OH, trustee.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Reopen Chapter 7 Case and Vacate Discharge. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to Consider in reaching its decision. This Court has reviewed the written arguments of Counsel, supporting affidavits, and exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, this Court finds that Debtors' Motion to Reopen Chapter 7 and Vacate Discharge should be Granted.

### FACTS

On February 8, 1989 Debtors filed for relief pursuant to Chapter 13 of the Bankruptcy Code. Payment was commenced un-

der the Chapter 13 Plan through September 28, 1989 when the case was converted to a case under Chapter 7. Debtors were discharged of all dischargeable debts on January 22, 1990 and the case was administratively closed on February 13, 1990.

Debtors filed a Motion to Reopen Case and Vacate Discharge on February 16, 1994 for purposes of amending their schedules to include a Creditor, Michigan Columbus Federal Credit Union (hereafter "Credit Union"). Counsel for Debtors certified that a copy of the Motion to Reopen Case and Vacate Discharge was served on the Credit Union. The Court scheduled Debtors' Motion for Hearing and served notice of the hearing upon the Credit Union. Neither the Credit Union's representative nor counsel appeared at the Hearing.

The Court granted Debtors leave to file a Report by March 29, 1994. Debtors filed a Status Report on March 9, 1994 and served the Credit Union with a copy. According to the Status Report, the Credit Union obtained a security interest on a 1982 Chevrolet Z-28 owned by Debtor Richard Cieslak. The Credit Union repossessed the car and obtained a default judgment against Richard Cieslak for Six Thousand Four Hundred Thirty and 59/100 Dollars ($6,430.59) on or about July 14, 1986. Debtors claim that the Credit Union failed to notify them of the default judgment or proceed to collect on the judgment within the past eight (8) years. Consequently, Debtors argue that they should be granted leave to reopen their bankruptcy case; schedule the Credit Union as a Creditor; and discharge the deficiency judgment.

## *LAW*

**11 U.S.C. § 350**

**§ 350. Closing and reopening cases.**

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**11 U.S.C. § 523**

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

## Rule 5010. Reopening cases.

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

## *DISCUSSION*

This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1334.

The issue in this case is whether Debtors should be granted leave to reopen their bankruptcy case to include the Credit Union as a Creditor for the purpose of scheduling and discharging the default judgment of Six Thousand Four Hundred Thirty and 59/100 Dollars ($6,430.59) obtained by the Credit Union. In making its decision, this Court relies upon the Sixth Circuit decision of *In re Soult*, 894 F.2d 815 (6th Cir.1990) whose facts mimic those in the case at bar.

Debtor in *Soult* purchased a dental practice and at the time of filing bankruptcy owed

approximately Fourteen Thousand and 00/100 Dollars ($14,000.00) toward the purchase. Debtor never listed the seller of the practice as a creditor and consequently, the creditor never received notification of the bankruptcy proceedings. The creditor learned of the bankruptcy approximately one (1) year after discharge. Approximately four (4) years after discharge, the creditor filed a cause of action against debtor in Common Pleas court to recover the balance due on the sale. Debtor subsequently moved the bankruptcy court to reopen his case. The creditor appealed the bankruptcy court's decision which allowed debtor to reopen the underlying bankruptcy case and list the creditor's claim *nunc pro tunc.*

The Sixth Circuit affirmed the bankruptcy court decision in *Soult, supra,* based upon five (5) factual grounds. First, the creditor in *Soult* was not barred from discharge under 11 U.S.C. § 523(a)(3)(A) since he was neither listed nor scheduled in time to permit the timely filing of a proof of claim. Second, debtor's failure to name the seller of the practice as creditor was the result of inadvertence by debtor's counsel and not the result of willful or reckless acts or part of a fraudulent scheme. Third, debtor's failure to include the creditor did not prejudice him in any way since he had not lost any meaningful right which he would have enjoyed had he been named as a creditor. Fourth, the creditor could still share in dividends if assets were discovered. Fifth, the creditor could still contest the dischargeability of the amount due from the sale.

Procedurally, the Sixth Circuit in *Soult, supra,* refused to set aside the judgment since the bankruptcy court had not abused its discretion. *See In re Rosinski,* 759 F.2d 539, 541 (6th Cir.1985). The court in *Soult* opined that the bankruptcy court's findings of fact were not erroneous and therefore would not be set aside. *See Loudermill v. Cleveland Board of Education,* 844 F.2d 304 (6th Cir.1988), *cert. denied,* 488 U.S. 946, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988).

In this case, the Credit Union obtained a judgment against Debtor in 1986. Upon filing bankruptcy in 1989, Debtor inadvertently failed to list the Credit Union as a Creditor.

The Credit Union failed to pursue collection on the judgment either before the bankruptcy was filed in 1989 or after the case was closed in 1990. Debtor has now requested that the case be reopened to include the Credit Union as a creditor.

The six (6) reasons upon which this Court bases its decision to Grant Debtor's Motion to Reopen Case and Vacate Discharge are equally compelling as those reasons relied upon by the Sixth Circuit in *Soult.* First, under 11 U.S.C. § 523(a)(3)(A), the Credit Union is not barred from discharge since it was never notified of the impending bankruptcy. Second, there is no evidence that Debtors' failure to schedule the Credit Union debt was willful, fraudulent or reckless. Third, this is a no asset case and there is no evidence that Debtor's failure to include the Credit Union as a creditor has any way prejudiced the rights of the Credit Union. Fourth, there is no evidence that the Credit Union has attempted to execute upon the judgment rendered in 1986. Fifth, Creditor may still object to the dischargeability of the debt. Sixth, although the Credit Union was served with a copy of the Debtors' Motion to Reopen Case and Vacate Discharge as well as Debtors' Status Report, it has failed to respond.

Based solely upon the facts in this case, this Court finds that Debtors' Motion to Reopen Case and Vacate Discharge should be Granted. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Debtors' Motion to Reopen Chapter 7 Case and Vacate Discharge be, and is hereby, **GRANTED.**