**In re Robert A. AUSTIN, Debtor.**

**Bankruptcy No. 93–30648.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 29, 1994.

John N. Graham, Trustee, Toledo, OH.

Lafe Tolliver, Toledo, OH, for debtor.

Matthew R. Abel, Livonia, MI, for creditor.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtor's Motion to Reopen Chapter 7 Case for Purpose of Adding Additional Creditors and Objections to Debtor's Motion to Reopen Closed Bankruptcy Case filed Post–Hearing by D.A. Fedrigo (hereafter "Fedrigo"). At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. This Court has reviewed the arguments of Counsel, supporting affidavits and exhibits as well as the entire record in the case. Based upon that review, and the following reasons, this Court finds that Debtor's Motion to Reopen Case should be Granted.

### FACTS

On March 4, 1993, Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code and received a discharge from all dischargeable debts on June 28, 1993. The case was administratively closed on July 20, 1993.

Debtor filed a Motion to Reopen Chapter 7 Case for the Purpose of Adding Additional Creditors on April 28, 1994. The prospective Creditors, Fedrigo; Deerfield Co. Operative Assoc. (hereafter "Deerfield") and Joseph Dumoulin, Jr., (hereafter "Dumoulin") were served with the Motion. Neither Fedrigo, Deerfield or Dumoulin filed a responsive pleading.

The Court scheduled a Hearing on Debtor's Motion and served notice upon Fedrigo, Deerfield and Dumoulin. Neither Fedrigo, Deerfield, Dumoulin nor their representatives appeared. At the Hearing, Debtor's Counsel informed the Court that the subject indebtedness was incurred prior to Debtor's filing. According to Debtor's Counsel, Debtor inadvertently omitted the debts to Fedrigo, Deerfield and Dumoulin. Debtor was only reminded of the debts' existence upon service of a Complaint for damages by Dumoulin after the bankruptcy case was closed.

The One Thousand Seven Hundred and 00/100 Dollars ($1,700.00) debt to Fedrigo emanates from the purchase of a dog; and the Three Hundred ($300.00) debt to Deerfield is the balance due on a fuel account. Dumoulin's contingent claim emanates from a dog bite case which occurred in August, 1992. After the Hearing, Fedrigo filed an Objection to Debtor's Motion To Reopen Closed Bankruptcy Case.

### LAW

**11 U.S.C. § 350**

§ 350. Closing and reopening cases.

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**11 U.S.C. § 523**

§ 523. Exceptions to discharge.

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of this creditor to whom such debt is owed, in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this

subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of he case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request:

## Rule 5010. Reopening cases.

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

### DISCUSSION

This case is a core proceeding pursuant to 28 U.S.C. § 157(2)(A). This Court has jurisdiction over the subject matter and parties hereto pursuant to 28 U.S.C. § 1334.

This issue before the Court is whether Debtor should be granted leave to reopen his bankruptcy case to include Fedrigo, Deerfield and Dumoulin as Creditors for the purpose of scheduling and discharging the appurtenant indebtedness. Fedrigo argues that the case should not be reopened on the basis that Debtor fraudulently misrepresented the terms of purchase for the guard dog; that Fedrigo relied upon the misrepresentations; and that as a result of Debtor's misrepresentations, Fedrigo suffered a loss of Seventeen Hundred and 00/100 Dollars ($1,700.00). The dog was returned and Fedrigo requested a refund. Debtor never refunded the purchase price of the dog. Debtor argues that the failure to list Fedrigo, Deerfield and Dumoulin as Creditors is the result of inadvertence.

In making its decision, this Court relies upon the principles of *In re Soult,* 894 F.2d 815 (6th Cir.1990). The underlying facts in

*Soult* are similar to those in the case at bar. Debtor in *Soult* owed approximately Fourteen Thousand and 00/100 Dollars ($14,000.00) toward the purchase of a dental practice at the time he filed bankruptcy. Debtor never listed the seller of the dental practice as a creditor and consequently, the creditor never received notice of the bankruptcy proceedings. The creditor learned of the bankruptcy one (1) year after discharge. Four (4) years after discharge the creditor filed a cause of action against the debtor in Common Pleas Court to recover the balance due. The debtor sought and received leave to reopen the bankruptcy case. The creditor appealed the Bankruptcy Court's decision to allow the reopening of the underlying case and scheduling of debts *nunc pro tunc.*

Upon review, the Sixth Circuit refused to set aside the Bankruptcy Court's findings of fact on the basis that they were not erroneous. *See Loudermill v. Cleveland Board of Education,* 844 F.2d 304 (6th Cir.1988), *cert. denied,* 488 U.S. 946, 109 S.Ct. 377, 102 L.Ed.2d 365 (1988). The court affirmed the Bankruptcy Court's decision to reopen the *Soult* case finding that the Bankruptcy Court had not abused its discretion. *See In re Rosinski,* 759 F.2d 539, 541 (6th Cir.1985).

The Sixth Circuit articulated five (5) reasons why the Bankruptcy Court was correct in granting debtors leave to reopen. First, the creditor in *Soult* was not barred from discharge under 11 U.S.C. § 523(a)(3)(A) since he was neither listed nor scheduled in time to permit the timely filing of a proof of claim. Second, debtor's failure to name the seller as a creditor was the result of inadvertence, not the result of willful or reckless acts or part of a fraudulent scheme. Third, debtor's failure to include the creditor did not prejudice him nor did he lose any meaningful right which he would have enjoyed had he been named as a creditor. Fourth, the creditor could still share in any dividends if assets were subsequently discovered. Fifth, the creditor could still contest the dischargeability of the amount due from the sale.

In this case, the Court also has five (5) reasons upon which it bases its decision to grant Debtor's Motion to Reopen. First,

neither Fedrigo, Deerfield and Dumoulin are barred from discharge since they were never notified of the impending bankruptcy. Second, there is no evidence that Debtor's failure to schedule Fedrigo, Deerfield and Dumoulin was willful, fraudulent, reckless or part of a fraudulent scheme. Third, this is a no asset case and there is no evidence that Debtor's failure to list Fedrigo, Deerfield and Dumoulin has in any way prejudiced their rights as Creditors. Fourth, Fedrigo, Deerfield and Dumoulin may still object to the dischargeability of their respective claims. Fifth, neither Deerfield or Dumoulin filed an objection to Debtor's Motion to Reopen by submitting a written pleading or appearing at the Hearing.

Fedrigo's post-hearing Objection is specifically related to the dischargeability of indebtedness emanating from the return of the guard dog and not the merits of whether there is a legal basis upon which to reopen Debtor's case. By permitting Debtor to reopen this case, Fedrigo will be permitted to resolve the issue as it relates to the dischargeability of his claim against Debtor. Although this Court has considered Fedrigo's pleading, there is no evidence adduced which convinces the Court that Debtor's Motion to Reopen should not be Granted.

Based upon the facts presented in this case, the Court finds that Debtor's Motion to Reopen should be Granted. In reaching this conclusion, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Debtor's Motion to Reopen be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that Debtor shall file all appropriate pleadings sufficient to schedule the indebtedness to Fedrigo, Deerfield, and Dumoulin by **Friday, August 19, 1994 at 4:00 P.M.**