**In re Robert Edward HARRISON,**
**Debtor.**

**Bankruptcy No. 94–10326.**

United States Bankruptcy Court,
E.D. Tennessee.

March 28, 1997.

Rebecca L. Hicks, Dayton, TN, for debtor.

Scott N. Brown, Jr., Trustee, Brown, Dobson, Burnette & Kesler, Chattanooga, TN.

### MEMORANDUM AND ORDER

R. THOMAS STINNETT, Bankruptcy Judge.

This case is before the court upon the debtor's motion to reopen the case. A case may be reopened for cause. 11 U.S.C. § 350(b). The debtor's stated purpose for reopening the case is to amend his schedules so as to add three pre-petition creditors, Amy Laurencelle, Richard Laurencelle, and Lynn Berry ("Creditors"), who were inadvertently omitted on the original petition and schedules. The debt to the Creditors arises out of an automobile accident.

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, et seq.) ("Code") on January 27, 1994. Because it appeared from the schedules there would be no assets for distribution to unsecured creditors, the clerk sent a notice to creditors advising them of the filing of the petition and also advising them there was no need to file claims at that time. Bankruptcy Rule 2002(e). *See* Form 9A of the Official Bankruptcy Forms. The notice did confirm April 26, 1994, as the last day to file complaints to determine dischargeability of debts. See FED.R.BANKR.P. 4007(c). The notice was sent February 2, 1994.

The trustee appointed in the case later filed what is commonly referred to as a no-asset report indicating there would be no distribution to creditors. A bar date for filing claims was never established. The debtor received a discharge on May 26, 1994. The case was closed July 7, 1994.

On July 5, 1996, the Creditors filed a motion to reopen this case. The Creditors alleged in the motion that the debtor is indebted to them by reason of a prepetition automobile accident caused by the debtor "driving at high speed and/or under the influence of alcohol." The Creditors also alleged that a state court proceeding in Massachusetts was pending against the debtor. The Creditors' motion was denied by Order filed July 26, 1996, noting that the Massa-chusetts state court has concurrent jurisdiction to determine whether the debt at issue is dischargeable under provisions of 11 U.S.C. § 523(a)(9).

Not surprisingly, the Creditors have filed a "response" supporting the debtor's motion to reopen.

Some debts are specifically excluded from the discharge afforded under 11 U.S.C. § 727. For example, certain taxes [11 U.S.C. § 523(a)(1) ], alimony and child support [11 U.S.C. § 523(a)(5) ], fines and penalties [11 U.S.C. § 523(a)(7) ], student loans [11 U.S.C. § 523(a)(8) ], death or personal injury caused by debtor's operation of a motor vehicle while intoxicated [11 U.S.C. § 523(a)(9) ], and other types of obligations defined by 11 U.S.C. § 523(a)(10–17) (except 15) may be excluded from discharge without any affirmative action being initiated by the creditor. Such is not the case with respect to those obligations that may be defined by paragraphs (2) [money obtained by false pretenses or actual fraud, or by use of a false financial statement], (4) [fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny], (6) [willful and malicious injury], or (15) [obligations incurred in the course of a divorce or separation not described as alimony, maintenance or child support] of § 523(a) of the Code.

The Code and Bankruptcy Rules clearly provide that debt of the kind specified in paragraphs (2), (4), (6), and (15) of 11 U.S.C. § 523(a) will be discharged unless the creditor timely initiates an action to determine the dischargeability of the debt. 11 U.S.C. § 523(c)(1); Bankruptcy Rule 4007(c). Ordinarily, a timely complaint to determine dischargeability of a debt of the kind specified in paragraphs (2), (4), (6), and (15) of § 523(a) of the Code must be filed within sixty (60) days following the first date set for the meeting of creditors. Bankruptcy Rule 4007(c). The Code provides an exception to this general rule in the event a creditor was not listed or scheduled and does not obtain notice or actual knowledge of the case in time to file a timely request for determination of dischargeability of debt specified in para-

graph (2), (4), or (6)[1] of § 523(a) of the Code. 11 U.S.C. § 523(a)(3)(B).

■ Likewise, 11 U.S.C. § 523(a)(3)(A) protects creditors that were neither listed nor scheduled and do not have notice or actual knowledge of the case in time to file a timely proof of claim. Even though a pre-petition creditor does not receive notice of a no-asset bankruptcy case, unless a bar date has been established, the creditor still has time to file a claim and receive a distribution equal to all other similarly situated creditors. Thus, if the court has not set a bar date for filing proofs of claim, then the debt is excepted from discharge, or can be excepted from discharge, only if it comes within one of the other exceptions in § 523(a); in that situation, § 523(a)(3) does not make lack of notice a sufficient ground to except the debt from discharge. *In re Mendiola,* 99 B.R. 864, 867 (Bankr.N.D.Ill.1989); *Karras v. Hansen (In re Hansen),* 165 B.R. 636, 638 (N.D.Ill.1994).

■ On all of the allegations presently before the court, the debt to Creditors has been discharged unless it is of the type excepted from discharge by 11 U.S.C. § 523(a)(9). *See* 11 U.S.C. § 523(a)(3)(A). The Massachusetts state court has jurisdiction to determine the dischargeability of this pre-petition debt. *Fidelity National Title Ins. Co. v. Franklin (In re Franklin),* 179 B.R. 913 (Bankr.E.D.Calif.1995); *In re Higgins,* 161 B.R. 993, 995 (Bankr.W.D.Mo.1993).

■ The Creditors assert that if the debtor is discharged, they are concerned they cannot pursue a policy of liability insurance. There is no sound basis for that concern. Numerous courts, including at least three Circuit Courts and the Bankruptcy Court in Massachusetts, have held that the discharge injunction does not bar suit by a tort claimant who seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer. *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51 (5th Cir.1993); *Green v. Welsh (In re Welsh),* 956 F.2d 30 (2nd Cir.1992); *In re Shondel,*

950 F.2d 1301 (7th Cir.1991); and *In re Catania,* 94 B.R. 250 (Bankr.D.Mass.1989).

Some courts have suggested that the Sixth Circuit has reached a different result, citing the case of *Citibank v. White Motor Corporation (In re White Motor Credit),* 761 F.2d 270 (6th Cir.1985). Those courts have erroneously analyzed the *White Motor* case. In *White Motor,* there had been a confirmed Chapter 11 plan establishing an insurance and reserve compensation fund from which claims were to have been paid. *Id.* at 271. Only claims that were timely filed, deemed filed, or permitted to be late filed were to be paid from this fund. *Id.,* note 3. The Sixth Circuit Court of Appeals correctly observed that unless the claims were timely filed, deemed filed, or permitted to be late filed, they were barred by the order of confirmation particular to that case. *Id.* at 275. *See also, In re Security Services, Inc.,* 203 B.R. 708 (Bankr.W.D.Mo.1996).

■ Although reopening this case in order to allow the debtor to amend his schedules to include the Creditors will not affect dischargeability of the debt, the debtor has requested the opportunity to do so. In addition to the unnecessary expense to debtor, reopening the case creates needless administrative paperwork. *In re Humar,* 163 B.R. 296 (Bankr.N.D.Ohio 1993).

The Sixth Circuit has held in factually distinguishable cases, "the failure to allow amendments to schedules is an abuse of discretion." *Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539 (6th Cir.1985) ("Bankruptcy Judge abused discretion by refusing debtor's motion to reopen case to schedule *clearly* dischargeable debt"); *Soult v. Maddox (In re Soult),* 894 F.2d 815 (6th Cir.1990) ("Allowed debtor to reopen case even though a bar date had been set.") There may be other reasons not apparent on the face of the motion. *Judd v. Wolfe (In re Judd),* 78 F.3d 110, 117 (3rd Cir.1996). Thus, cause exists under 11 U.S.C. § 350(b).

---

**1.** The Code is silent with respect to a debt specified in 11 U.S.C. § 523(a)(15), perhaps through inadvertence in drafting the 1994 Amendments. *See Fidelity National Title Ins. Co. v. Franklin (In*

*re Franklin),* 179 B.R. 913, note 25 (Bankr. E.D.Cal.1995); 4 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 523.09, note 2 (15th ed. 1996)

The debtor has not paid the $130.00 fee for reopening cases as prescribed in 28 U.S.C. § 1930(a). Accordingly,

It is ORDERED that the debtor is allowed to reopen this case in order to permit him to amend his schedules;

It is further ORDERED that the debtor is allowed ten (10) days from the date of entry of this Memorandum and Order within which to pay the $130.00 reopening fee. Upon payment of the fee, the clerk is directed to reopen this case; and

It is further ORDERED that the debtor is allowed ten (10) days from the date of reopening the case within which to amend his schedules.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.