In re Thomas M. HALSTEAD, Debtor.

No. 96–1737–RLB–7.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Dec. 9, 1998.

John H. Shean, Shean Law Offices, Bloomington, IN, for Harrell Pipe & Supply.

Richard S. Mossler, Indianapolis, IN, for debtor.

## ENTRY ON OBJECTION TO AMENDED LIST OF UNSECURED CREDITORS

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Objection to Amended List of Unsecured Creditors (the "Objection"), filed by Harrell Pipe & Supply, Inc. ("Harrell Pipe") on October 28, 1998. Thomas M. Halstead (the "Debtor") filed a response (the "Response") to the Objection on November 17, 1998. The Court, having reviewed the Objection and Response, now makes the following Entry.

The Debtor filed a case under Chapter 7 on February 28, 1996. The Debtor received a discharge on November 9, 1997, and his case was closed. One of the Debtor's creditors, Howard Young, moved to reopen the Debtor's case to challenge the Debtor's discharge. The Debtor's case was reopened, and the Debtor amended his schedules to add two previously-omitted creditors, one of which was Harrell Pipe.

Harrell Pipe objects to being added as a creditor for two reasons. First, Harrell Pipe argues that the case was reopened for the purpose of allowing one of the Debtor's creditors to challenge the Debtor's discharge, *not* for the purpose of adding omitted creditors. Secondly, Harrell Pipe argues that if the Debtor wished to reopen his case to add omitted creditors, Federal Rule of Civil Procedure 60(b) required the Debtor to act within one year of receiving his discharge.

■ The Court turns first to the argument that the Debtor has exceeded the stated purpose of the reopening. 11 U.S.C. Section 350(b) provides that a case may be reopened to "accord relief to the debtor".

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Cases are routinely reopened to add previously-omitted creditors. *See, e.g., In re*

**916**

*Soult,* 894 F.2d 815 (6th Cir.1990) ("other cause" to reopen a no-asset Chapter 7 case includes inadvertent failure to schedule debt); *Matter of Stark,* 717 F.2d 322 (7th Cir.1983) (discharged Chapter 7 debtors should be allowed to reopen a no-asset case in order to add omitted creditor). Had the Debtor moved to reopen to add an omitted creditor, the Court would have granted his motion. Accordingly, the Court will allow the Debtor to add Harrell Pipe to his schedules, regardless of the stated purpose of the reopening.

■ The Court turns next to the Rule 60(b) argument. Most, but not all, of the Federal Rules of Civil Procedure (the "Federal Rules") have a comparable Bankruptcy Rule in Part VII of the Bankruptcy Rules. *See* Bankruptcy Rules 7001 through 7087. There is, however, no Bankruptcy Rule 7060.

Some of the Federal Rules that are not found in Part VII of the Bankruptcy Rules, are found in Part IX of the Bankruptcy Rules. Bankruptcy Rule 9024 makes Rule 60(b) applicable to bankruptcy cases, *with certain exceptions:*

> Rule 60 F.R.Civ.P. applies in cases under the Code *except that ... a motion to reopen a case under the Code ... is not subject to the one year limitation prescribed in Rule 60(b).*

Bankruptcy Rule 9024 (emphasis added).

■ The plain language of Bankruptcy Rule 9024 makes it clear that Rule 60(b) does not apply to motions to reopen. Accordingly, the Objection by Harrell Pipe should be overruled.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Objection to Amended List of Unsecured Creditors filed by Harrell Pipe & Supply, Inc., is hereby OVERRULED.