**In re Ivory HUNTER, Debtor.**

**Bankruptcy No. 87–00099.**

United States Bankruptcy Court,
District of Columbia.

July 13, 1990.

Nelson J. Kline, Kline & Joseph, Washington, D.C., for debtor.

---

## DECISION RE MOTION TO REOPEN

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtor moves the Court to reopen this no-asset case, closed in 1987, "for the purpose of adding the creditor, Amoco Oil Company," apparently based on the erroneous belief that Amoco must be added to the list of creditors for its claim to be discharged by the discharge granted the debtor under 11 U.S.C. § 727. The debtor seeks to reopen the case without paying a fee. No fee would be due if the reopening related to the debtor's discharge. The motion must be denied.

No bar date for filing claims was set. Adding Amoco as a creditor would thus serve no purpose related to the discharge because the discharge injunction literally already applies to Amoco's claim. For a creditor's claim to be excepted from the discharge by 11 U.S.C. § 523(a)(3)(A), the failure to schedule the creditor must have

deprived the creditor of the ability to file a timely proof of claim. No bar date having been set, Amoco was not deprived of that ability. To be excepted from discharge under 11 U.S.C. § 523(a)(3)(B), the claim must be of a kind described in § 523(a)(2), (4) or (6) and the creditor must have been deprived of the ability to file a timely complaint for a determination that the claim is nondischargeable. But the debtor makes no allegation that Amoco asserts that its claim comes within 11 U.S.C. § 523(a)(2), (4) or (6), and scheduling the debt would not affect its dischargeability in any event. The debtor thus has no need to reopen the case. *In re Mendiola*, 99 B.R. 864 (Bankr. N.D.Ill.1989). *Accord, In re Anderson*, 104 B.R. 427 (Bankr.N.D.Fla.1989); *In re Crull*, 101 B.R. 60 (Bankr.W.D.Ark.1989); *In re Parmer*, 98 B.R. 277 (Bankr.N.D.Tex. 1989); *In re Anderson*, 72 B.R. 495 (Bankr. D.Minn.1987).[1]

An omitted creditor, by reason of that status, might have (or, more importantly, might not have) the right for lack of due process to seek—beyond the bar dates of Bankruptcy Rule 4004(a) or 11 U.S.C. § 727(e)—to set aside the debtor's discharge by invoking 11 U.S.C. § 727(c)(1) (denial of discharge) or § 727(d) (revocation of discharge). Whatever that right or lack thereof, as long as the discharge order has not been vacated or revoked, it remains effective by the terms of the statute against the omitted creditor. *Mendiola*, 99 B.R. at 869–70. *Contra, In re Godley*, 62 B.R. 258, 261 n. 1 (Bankr.E.D.Va.1986). Adding the creditor now would not affect the dischargeability of the creditor's claim under the discharge order.

Three courts of appeals decisions are often mistakenly cited as holding that a bankruptcy judge is required to reopen a no-bar-date case to permit amendment of a debtor's schedules to add an inadvertently omitted creditor. *Matter of Baitcher*, 781 F.2d

---

1. This is not a no-asset case in which a bar date *was* set and the debtor seeks to avoid nondischargeability under § 523(a)(3)(A) by amending the schedules effectively *nunc pro tunc*. *Compare In re Soult*, 894 F.2d 815 (6th Cir.1990) (case reopened in no-asset case in which bar

date *had* been set in order to allow claim to be scheduled and filed and to be subjected to discharge) *with In re Laczko*, 37 B.R. 676 (9th Cir. BAP 1984), *aff'd without opinion*, 772 F.2d 912 (9th Cir.1985) (§ 523(a)(3)(A) applied despite amendment of schedules in no-asset case).

1529 (11th Cir.1986); *In re Rosinski,* 759 F.2d 539 (6th Cir.1985); *Matter of Stark,* 717 F.2d 322 (7th Cir.1983). *Stark, Rosinski* and *Baitcher* assume, but do not decide, that reopening to add a creditor to the schedules is necessary to make the debt dischargeable and hence are not persuasive on the question. *Mendiola,* 99 B.R. at 869. *Baitcher* holds (and *Stark* and *Rosinski* state in *dicta*) that the debtor must show that the debt was not omitted by fraud or intentional design for the debt to be dischargeable. Assuming the correctness of this holding,[2] it does not alter the ruling here. The reopening of this case to schedule the debt cannot possibly affect its dischargeability: that will not change the character of the debtor's failure originally to schedule the debt.

The debtor can assert the discharge as a defense to any suit for collection of the debt or move to reopen this case to file a complaint to determine the dischargeability of the debt or to recover contempt sanctions. But reopening the case merely to schedule the debt is for all practical purposes a useless gesture. True, listing the omitted debt would permit the creditor to receive notice sent out to listed creditors in the rare event that the case were reopened to administer previously undisclosed assets. But the creditor already knows about the case. If the creditor believes that there are undisclosed assets, the creditor can itself move to reopen the case to request to be listed. If the omitted creditor has no reason to believe the case will become an

asset case, it may well forego the expense of reopening the case to list itself as a creditor. The case theoretically might be reopened to administer assets without the creditor being notified. But that is such a rare and unlikely event as to make it wasteful to require reopening of each of the thousands of cases in which the debtor omits a creditor just to guard against that theoretical possibility.

The goals of finality and avoidance of undue expense in administering estates outweigh the speculative utility of reopening a case, at no charge to the debtor, to list an omitted creditor in what is currently a no-asset case. The dischargeability statute ought not be given a tortured reading to require reopening of a no-asset case to list an omitted creditor before that creditor's debt is discharged.[3]

## CONCLUSION

The debtor's motion shall be denied.

---

**2.** *Baitcher* makes reference to *Birkett v. Columbia Bank,* 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904), in which the Court construed Bankruptcy Act § 17 which excepted from the effect of a discharge debts "... such as ... have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, *unless such creditor had notice or actual notice of the proceedings in bankruptcy."* *Id.* at 349, 25 S.Ct. at 39 (emphasis added.) The Court concluded that an omitted creditor who had knowledge "so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends" is not a creditor that had actual notice of the proceedings. The Court held that the discharge did not affect an unscheduled creditor who had knowledge of the case in time to file a claim but after the time to object to discharge. The legis-

lative history to § 523(a)(3) states that "the provision is intended to overrule *Birkett v. Columbia Bank."* 124 Cong.Rec. 1t 11096 (daily ed. Sept. 28, 1978); S. 17412 (daily ed. Oct. 6, 1978). Section 523(a)(3)(A) is limited to protecting the creditor's ability timely to file a claim. How *Baitcher,* in the face of the statute's plain language, logically could reach the conclusion that intentional omission can make the debt non-dischargeable, even when there is still time to file a claim, is an issue this Court need not decide.

**3.** The risk that debtors will be encouraged by this ruling to omit creditors is slim: a debtor who intentionally omits a debt risks denial of a discharge as to any of his debts, and most debtors care little which creditors receive their assets.