**In re Arthur STECKLOW, Marion Stecklow, Debtors.**

**Bankruptcy No. 91–4–2251–PM.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Sept. 10, 1992.
As Amended Nov. 6, 1992.

Janet M. Nesse, Washington, D.C., for debtors.

Merrill Cohen, Bethesda, Md.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is the motion of the debtors, Arthur Stecklow and Marion Stecklow, to reopen this bankruptcy case filed under Chapter 7 on May 9, 1991. The rule in the Fourth Circuit is that "the right to reopen a case depends upon the circumstances of the individual case ... the decision whether to reopen is committed to the court's discretion." *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (CA4 1984).

Therefore, the first issue for the court in determining whether or not to reopen this case on the debtors' motion is whether any relief would be accorded to the debtors.

For the reasons explained hereinafter, the motion will be denied, because no additional relief is accorded the debtors by adding previously unscheduled and unnoticed creditors to Schedule F—Creditors Holding Unsecured Nonpriority Claims, in this "no asset" Chapter 7 case. The creditors' claims sought to be added to the debtors' schedules have either been discharged by virtue of 11 U.S.C. § 727(b) or excepted from discharge by virtue of 11 U.S.C. § 523(a)(3)(B) and (c)(1) and Fed.R.Bankr.P. 4007(c). No change could be effected by the proposed addition.

On May 20, 1991, the office of the Clerk of the Bankruptcy Court prepared and caused to be mailed to all parties in interest Form 16A, Order and Notice of Chapter 7 Bankruptcy Filing, Meeting of Creditors, and Fixing of Dates. That order states, "THERE APPEAR TO BE NO ASSETS AT THIS TIME FROM WHICH PAYMENT MAY BE MADE TO CREDITORS. DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO." This preliminary decision by the Clerk was made pursuant to Fed.R.Bank.P. 2002(e) that provides:

**Rule 2002. Notice to Creditors, Equity Security Holders, United States, and United States Trustee**

**(e) Notice of No Dividend.** In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

The Chapter 7 trustee's investigation disclosed nothing to cause a change in the Clerk's prediction. He filed the trustee's report of no distribution. Following the entry of the discharge of the debtor, a final decree was entered, closing the case. Using the vernacular, this was a "no asset" case.

It is useful to set out the applicable segments of sections of the Bankruptcy Code and the Bankruptcy Rules.

## § 350. Closing and reopening cases.

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

## § 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

\* \* \* \* \* \*

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

(2) Paragraph (1) shall not apply in the case of a Federal depository institutions regulatory agency seeking, in its capacity as conservator, receiver, or liquidating agent for an insured depository institution, to recover a debt described in subsection (a)(2), (a)(4), (a)(6), or (a)(11) owed to such institution by an institution-affiliated party unless the receiver, conservator, or liquidating agent was appointed in time to reasonably comply, or for a Federal depository institutions regulatory agency acting in its corporate capacity as a successor to such receiver, conservator, or liquidating agent to reasonably comply, with subsection (a)(3)(B) as a creditor of such institution-affiliated party with respect to such debt.

## § 727. Discharge.

(b) Except as provided in section 523 of this title, a discharge under subsection (b) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

## Rule 4007. Determination of Dischargeability of a Debt.

(b) **Time for Commencing Proceeding Other Than Under § 523(c) of the Code.** A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

(c) **Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in

interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

**Rule 5010. Reopening Cases.**

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a Chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

**Rule 9006. Time.**

**(b) Enlargement.**

**(1) In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

**(2) Enlargement Not Permitted.** The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 7052, 9015(f), 9023, and 9024.

**(3) Enlargement Limited.** The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

■ It is futile to reopen this bankruptcy case on debtors' motion to "allow Debtors to amend Schedule F—Creditors Holding Unsecured Nonpriority Claims." The primary focus of this opinion is upon § 523(a)(3) of the Bankruptcy Code. To demonstrate this conclusion for the purpose of this opinion, the court will assume that the particular creditors whose names are sought to be added did not have notice or actual knowledge of the case prior to September 2, 1991, the deadline to file a complaint objecting to the dischargeability of the debt owed by debtors to such creditors. If there were actual knowledge, the claims would not be aided by § 523(a)(3).

The unlisted and unscheduled creditor without knowledge holds a claim that either is or is not of a kind specified in § 523(a)(2) (money, property or services obtained by false pretenses, false representation, or actual fraud or a false financial statement); § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny); or § 523(a)(6) (for willful and malicious injury by the debtor to another entity or to the property of another entity). If the creditor does not hold a claim based on such reprehensible conduct, nothing prohibits timely filing of a proof of claim.

■ The reason for this conclusion is that no bar date has been established for the filing of proofs of claim by the creditor body. The case has been closed. As 11 U.S.C. § 727(b) provides: "except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts* that arose before the date of the order for relief under this chapter...." (Emphasis added.) This provision sweeps in both listed and unlisted debts. Therefore, the act of reopening a case for the purposes of amending schedules does not enlarge the comprehensive breadth of the discharge. However, where the creditor holds a claim barred by the passage of the bar date contained in Rule 4007(c), the court may not extend the time for filing a complaint under § 523(c). This limitation on enlargement of time to file is imposed by Bankruptcy Rule 9006(b). Therefore, that claim is not discharged by operation of 11 U.S.C. § 523(a)(3)(B). With or without the consent of the debtor, this court is powerless to extend the time for filing complaints under § 523(c) once that time period has expired with or without the consent of the debtor.

*In re Barley*, 130 B.R. 66, 69 (B.C.N.D.Ind. 1991).

 Put another way, in a "no asset" case, the claim of an unscheduled unsecured creditor is discharged unless the creditor falls within the provisions of one of the exceptions to discharge described above. The debtor may plead the discharge in bankruptcy court as a defense in the state court action. The defense is every bit as applicable to scheduled creditors as unscheduled creditors. While this decision is limited to "no asset" cases, the same reasoning would apply were this an asset case and distribution had taken place.

There have been extensive discussions of this proposition in the cases of *In re Thibodeau*, 136 B.R. 7 (B.C.Mass.1992); *In re Hunter*, 116 B.R. 3 (B.C.D.C.1990); *In re Mendiola*, 99 B.R. 864, 19 BCD 440 (B.C.N.D.Ill.1989); and *In re Karamitsos*, 88 B.R. 122, 17 BCD 1301 (B.C.S.D.Tex. 1988). The court adopts the reasoning of these cases and the thoughtful discussions therein.

 There are two other observations that are pertinent. Rule 4007(b) provides that a complaint other than § 523(c) may be filed at any time. Were the case closed, it may be reopened to try issues arising under 11 U.S.C. § 523(a)(1) (tax or customs duty); § 523(a)(3) (insofar as there might be an issue as to whether the creditor had notice or actual knowledge of the case in time for a timely filing); § 523(a)(5) (for debts based upon alimony, maintenance or support of a spouse or child); § 523(a)(7) (fines, penalties, and forfeitures); § 523(a)(8) (student loans); § 523(a)(9) (actions based upon the operation of a motor vehicle while intoxicated); § 523(a)(10) (a debt subject to discharge in a prior case); § 523(a)(11) (an act of fraud or defalcation while acting in a fiduciary capacity with respect to a depository institution or insured credit union); or § 523(a)(12) (failure to maintain the capital of an insured depository institution).

The bankruptcy court, by virtue of the order of reference from the district court, entered pursuant to 28 U.S.C. § 157(a) and the grant of jurisdiction under 28 U.S.C. § 1334(b), has original but not exclusive jurisdiction over dischargeability issues. Nothing prevents any dischargeability issue, other than those brought under 11 U.S.C. § 523(a)(2), (4) or (6), from being heard by any court of competent jurisdiction.