In re Charles Delano **MILLER**
and Linda Carol Miller.

Charles Delano **MILLER** and Linda
Carol Miller, Plaintiffs,

v.

Robert E. **SCHUCHARDT** and Carl
Schuchardt, Defendants.

Bankruptcy No. 90–30378M.
Adv. No. 92–3035.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 17, 1993.

Warran Dupwe, Jonesboro, AR, Trustee for the debtors.

Scott Emerson, Lyons & Emerson, Jonesboro, AR, for the defendants.

W. Scott Davidson, Bradley, Coleman & Davidson, Jonesboro, AR, for the debtors.

### MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On August 14, 1990, Charles Delano Miller and Linda Carol Miller (the debtors) filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and Warren E. Dupwe was appointed as trustee. The debtors' schedules do not list Robert E. Schuchardt and Carl Schuchardt (the Schuchardts) as creditors in the case. On May 2, 1991, the debtors were granted a discharge pursuant to 11 U.S.C. § 727 (1988). The trustee filed a report of no distribution on May 28, 1992.

On April 20, 1992, the debtors filed a motion to amend their schedules to add the Schuchardts, d/b/a Chetuck Family Bowl, as creditors with an unsecured claim of $37,082.80. The Schuchardts object to the motion. The debtors also filed an adversary proceeding on October 29, 1992, to determine the dischargeability of the debt owed to the Schuchardts.

The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) (1988), and this Court has jurisdiction to enter a final order in this case. The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

On July 2, 1984, Jonesboro Bowling Center, Inc., with the debtor acting as president, purchased a bowling alley business from the Schuchardts, d/b/a Chetuck Family Bowl. The purchase agreement provided that Jonesboro Bowling Center, Inc., would purchase all assets in connection with the business, and sublease equipment leases and a real estate lease agreement associated with the business. The debtors, along with others, personally guaranteed the purchase agreement.

Pursuant to the purchase agreement, Jonesboro Bowling Center, Inc., agreed to pay $151,166.40 to Mercantile Bank, in Jonesboro, Arkansas. This amount represented the balance the Schuchardts owed to Mercantile Bank on a promissory note dated January 11, 1982. Mercantile Bank required the Schuchardts to personally guarantee $50,000.00 of the debtors' note before the transaction was approved.[1] After defaulting on the note payments, the debtors filed bankruptcy.

The debtors' schedules lists Mercantile Bank as a creditor, but do not list the Schuchardts, d/b/a Chetuck Family Bowl. Scheduled creditors were notified of the bankruptcy case and of the first meeting of creditors to be held on October 12, 1990. The deadline to file complaints in the bankruptcy case was set for December 11, 1990. Creditors were informed not to file claims unless notified to do so since no assets were available for distribution. After the debtors received their discharge, the Schuchardts filed suit against the debtors in the Circuit Court of Craighead County, Arkansas. The debtors now seek to add the Schuchardts, d/b/a Chetuck Family Bowl,

---

1. The promissory note which the Schuchardts' guaranteed was not introduced into evidence at trial. The debtors are presumably individually liable on the note along with Jones Bowling Center, Inc. There is no dispute regarding the Schuchardts' liability on the promissory note guarantee.

as unsecured creditors and to discharge the Schuchardts' claim.

# I

## DISCUSSION

### A

■ Section 727(b) of the Bankruptcy Code states in part, "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b) (1988). Unless § 523 provides otherwise, all prepetition debts are discharged under § 727, whether listed on the schedules or not. *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993); *In re Mendiola*, 99 B.R. 864, 865 (Bankr.N.D.Ill.1989). *See also In re Stecklow*, 144 B.R. 314 (Bankr.D.Md.1992); *In re Thibodeau*, 136 B.R. 7 (Bankr.D.Mass. 1992).

The Schuchardts contend that their claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(3)(A) (1988 & Supp.1992). That section provides as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

....

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice

or actual knowledge of the case in time for such timely filing....

11 U.S.C. § 523(a)(3)(A) (1988 & Supp.1992).

■ Generally, a proof of claim must be filed within 90 days after the first date set for the meeting of creditors. Fed. R.Bankr.P. 3002(c). In a case involving no assets, creditors may be notified that it is unnecessary to file proofs of claim. Fed. R.Bankr.P. 2002(e). If creditors are so notified, they must be informed of any subsequent discovery of non-exempt assets from which a dividend may be paid. Creditors may then file proofs of claim within 90 days of notification of available assets. Fed.R.Bankr.P. 3002(c)(5); *In re Thompson*, 152 B.R. 24, 27 (E.D.N.Y.1993). Since a deadline for filing proofs of claim is never set in a no-asset case, an unscheduled creditor is not deprived of the opportunity to file a proof of claim within the meaning of 11 U.S.C. § 523(a)(3)(A). *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir.1993); *Soult v. Maddox (In re Soult)*, 894 F.2d 815 (6th Cir.1990); *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985); *Stark v. St. Mary's Hosp. (In re Stark)*, 717 F.2d 322 (7th Cir.1983); *In re Thompson*, 152 B.R. 24 (E.D.N.Y.1993); *American Credit Serv., Inc. v. Tucker (In re Tucker)*, 143 B.R. 330 (Bankr.W.D.N.Y. 1992); *Peacock v. State Farm Mut. Auto. Ins. Co. (In re Peacock)*, 139 B.R. 421 (Bankr.E.D.Mich.1992).[2] The Schuchardts have not been deprived of filing a proof of claim since no bar date has been set.[3]

### B

The Schuchardts also contend that equity should prevent the debtors from discharg-

---

**2.** Most of the cited cases involve a debtor's motion to reopen the bankruptcy case to schedule an omitted creditor. This Court has previously found that a motion to reopen a case to add a creditor, alone, is insufficient to discharge a debt. *In re Crull*, 101 B.R. 60 (Bankr.W.D.Ark. 1989). *Accord Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir.1993); *Peacock v. State Farm Mut. Auto. Ins. Co. (In re Peacock)*, 139 B.R. 421 (Bankr.E.D.Mich.1992); *In re Hunter*, 116 B.R. 3 (Bankr.D.D.C.1990); *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989);

*In re Anderson*, 72 B.R. 495 (Bankr.D.Minn. 1987).

**3.** There is authority that strictly construes § 523(a)(3)(A), holding that an unscheduled debt is nondischargeable regardless of assets in the estate. *See Laczko v. Gentran, Inc. (In re Laczko)*, 37 B.R. 676 (Bankr. 9th Cir.1984); *Spilka v. Bosse (In re Bosse)*, 122 B.R. 410 (Bankr. C.D.Cal.1990). However, a claims bar date was operative in these cases.

ing the debt. The Schuchardts argue that laches should apply because two years has lapsed since the petition was filed. The Schuchardts assert that they are prejudiced since they were uninformed of the creditors' meeting and unable to cross-examine the debtors. The Schuchardts contend they possibly could have found assets that the trustee overlooked.

 A creditor in a no-asset case is not prejudiced where no claims bar date has been set and the creditor has actual notice of the bankruptcy case in time to file a proof of claim. *American Credit Serv., Inc. v. Tucker (In re Tucker)*, 143 B.R. 330, 333 (Bankr.W.D.N.Y.1992). Section 523(a)(3)(A) only provides for a creditor's failure to timely file a proof of claim. "Congress chose not to provide a remedy for creditors whose only loss was the opportunity to elect a trustee, question the debtor at the meeting of creditors, object to the debtor's claims of exempt property or object to discharge." *Robert S.C. Peterson, Inc. v. Anderson (In re Anderson)*, 72 B.R. 783, 786 (Bankr.D.Minn.1987). "The suggestion that, if given notice when the case was filed, [the creditor] might have been able to discover non-exempt assets is too speculative to justify denying the discharge of his claim." *In re Beshensky*, 68 B.R. 452, 455 (Bankr.E.D.Wis.1987).

## II

## CONCLUSION

The debtors' motion to amend schedules to add Robert E. Schuchardt and Carl Schuchardt, d/b/a Chetuck Family Bowl, as creditors with an unsecured claim of $37,082.80, is granted. The claim of the Schuchardts is dischargeable pursuant to 11 U.S.C. § 727 (1988).

IT IS SO ORDERED.