**In re Ernest H. CATES and Patricia A. Cates, Debtors.**

**Bankruptcy No. B–94–10838C–7G.**

United States Bankruptcy Court, M.D. North Carolina, Greensboro Division.

April 26, 1995.

Paul S. Messick, Jr., Pittsboro, NC, for debtors.

Durant M. Glover, Greensboro, NC, for Atascadero.

## ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on April 24, 1994, for hearing on a motion filed on behalf of Ernest H. Cates and Patricia A. Cates ("Debtors") pursuant to Bankruptcy Rule 5010 to reopen this case. Debtors seek to reopen in order to amend their schedules to list an unsecured creditor, Atascadero Federal Credit Union ("Atascadero"), which existed prepetition and which was omitted from the schedules through oversight of Debtors' counsel. An objection to the motion was filed on behalf of Atascadero requesting that the motion be denied. Paul S. Messick, Jr. appeared as attorney for Debtors and Durant M. Glover appeared as attorney for Atascadero.

## FACTS

The following facts appear of record and are not disputed. This case was filed on April 14, 1994. On April 18, 1994, the Clerk of Bankruptcy Court issued a Notice of Commencement of Case under Chapter 7 which, among other things, stated as follows:

> At this time there appear to be no assets available from which payment may be made to unsecured creditors. Do not file a proof of claim until you receive notice to do so.

The ensuing administration of this case confirmed that there were no assets available from which payment to unsecured creditors could be made. On May 9, 1994, the trustee filed a Trustee's Report of No Distribution in which he reported that he had neither received any property nor paid any money on account of the estate. On August 8, 1994, Debtors were granted a discharge and on August 24, 1994, an order was entered closing this case. Debtors' motion to reopen was filed on April 7, 1995, and the objection to the motion was filed by Atascadero on April 20, 1994. The grounds for the objection are that no showing of excusable neglect had been shown. The only prejudice claimed by Atascadero is stated in its objection as follows:

> The bankruptcy case has already been administered and allowing the case to be reopened would prejudice the rights of Atascadero Federal Credit Union in being able to participate in the case throughout its normal administration, including the right to question the debtors at the first creditors' meeting.

Atascadero is not listed in the schedules or the statement of financial affairs filed by the debtors and does not appear on the mailing matrix for this case. No Assets have been discovered in this case and no notice has ever been issued setting a bar date for the filing of claims.

## LEGAL CONCLUSIONS AND DISCUSSION

The discharge under § 727(b) applies to "all debts that arose before the date of the order for relief." This language includes *all* prepetition debts without regard to whether they are scheduled. However, § 523(a)(3), which deals with the effect of a failure by the debtor to schedule a debt, provides:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsec-

tion, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Under the language of § 523(a)(3), the effect of a debtor's failure to schedule a creditor depends upon whether the case is a no-asset Chapter 7 case. This is true because in no-asset Chapter 7 cases no bar date is set, with the result that § 523(a)(3)(A) is never triggered in such cases. Stated another way, because there is no bar date in a no-asset Chapter 7 case, there never can be a time in such cases when it is too late "to permit timely filing of a proof of claim."

Since the present case is a no-asset Chapter 7 case the Atascadero debt which the debtors seek to add to the schedules is already discharged even though such debt was not listed or scheduled, unless the debt falls within one of the other exceptions to discharge set forth in § 523(a). *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989). However, as pointed out in *Mendiola*, even if the debt in question does fall within one of the exceptions in § 523(a) other than § 523(a)(3), scheduling the debt at this time will not change or affect the status of the debt as regards dischargeability.

Section 523(a)(3)(B) is applicable only where a debt of the type described in subsections (2), (4) and (6) of § 523(a) was neither listed nor scheduled in time to permit the timely filing of a proof of claim and complaint to determine dischargeability, and the creditor did not know about the case within that time. This provision is intended to protect the creditor's right to obtain a determination of the dischargeability of a debt in those instances where such right might otherwise be lost by reason of the passage of time.[1] Again, however, whether the claim is added to the schedules has no effect upon the dischargeability of the claim under § 523(a)(2), (4), (6) or (15). Reopening a case to list a creditor will not extend the time to file complaints to determine dischargeability under these subsections of § 523(a), nor will reopening render a nondischargeable claim dischargeable. Either the unlisted creditor had actual, timely notice of the case or it did not. If the unlisted creditor had such notice and failed to file a timely complaint to determine dischargeability pursuant to subsections (2), (4), (6) or (15) of § 523(a), then the claim is discharged. On the other hand, if the unlisted creditor did not have such notice and the claim is one which is nondischargeable under § 523(a), then the claim is not discharged. However, reopening the case and amending the schedules after the case has been closed does not change the situation regarding dischargeability one iota.

■ In the present case Debtors seek to reopen and to amend the schedules to list Atascadero as a creditor in order to subject the debt of Atascadero to the discharge already granted in this case. For the reasons just stated, reopening this case will not accord Debtors the relief they seek. As a prepetition debt of Debtors in this no-asset Chapter 7 case, the debt of Atascadero was discharged when the debtors received their discharge on August 8, 1994, unless the debt is one which is nondischargeable under any of the subparagraphs of § 523(a) other than subparagraph (3). The limited nature of the alleged prejudice described in Atascadero's objection strongly suggests that the debt is not one which is nondischargeable.[2] There-

---

**1.** Such protection is needed because under § 523(c) and Bankruptcy Rule 4007(c) complaints to determine dischargeability of a debt of the kinds specified in § 523(a)(2), (4), (6) or (15) must be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

**2.** If there is a genuine dispute between the parties regarding the dischargeability of the Atascadero debt under any of the subsections of § 523(a), other than subsection (3), there are several ways to litigate the matter. First, if Atas-

cadero pursues a lawsuit on the claim, Debtors can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either Debtors or Atascadero can move to reopen this case for the purpose of filing a complaint to determine dischargeability. Third, Debtors can bring an action in this court to enforce the discharge injunction contained in § 524(a) against any creditor who is attempting to collect dis-

fore, it appears that the Atascadero debt has been discharged even though it was not scheduled by Debtors. In any event, reopening the case and scheduling the debt at this time would have no effect on the status of the debt. Because reopening the case to amend the schedules would be a futile act which would not affect the rights or liabilities of any party in interest, the motion to reopen should be denied.

IT IS SO ORDERED.

charged claims. "The virtue of any of these procedures, as opposed to a motion to reopen to amend schedules, is that it will focus on the real dispute (if there is a real dispute) between the parties—the dischargeability of the debt." *In re Mendiola, supra* at 870.