In re Shelton Penn HARMON, Ann Theresa Harmon, Debtors.

Richard M. McMAHON, Angela S. McMahon, Movants,

v.

Shelton Penn HARMON, Ann Theresa Harmon, Respondents.

Bankruptcy No. 93–5–3962–JS.

United States Bankruptcy Court, D. Maryland.

Sept. 25, 1997.

Gerard R. Vetter, Baltimore, MD, for Movants.

Dennis M. Jaworski, Baltimore, MD, for Respondents.

*MEMORANDUM OPINION VACATING ORDER REOPENING BANKRUPTCY CASE*

JAMES F. SCHNEIDER, Bankruptcy Judge.

The creditors, Richard M. McMahon and Angela S. McMahon, filed a motion for relief from, or in the alternative, to amend the order denying their motion to vacate the order reopening the bankruptcy case of Shelton Penn Harmon and Ann Theresa Harmon [P. 44]. A hearing on the motion was held on July 31, 1997. For the reasons stated, the motion will be granted, the order reopening the bankruptcy case of the respondents will be vacated, and the instant Chapter 7 bankruptcy case will be closed.

## FINDINGS OF FACT

On June 7, 1993, the debtors, Shelton Penn Harmon and Ann Theresa Harmon filed a voluntary, joint Chapter 7 bankruptcy in this Court. On July 14, 1993, the Chapter 7 trustee entered a report of no assets. Objections to discharge of the debtors and complaints to determine dischargeability of debts were required to be filed by September 11, 1993. No objections were filed. On September 20, 1993, the debtors were discharged and the case was closed.

On November 8, 1996, the debtors filed a motion to reopen the case [P. 24] to add the claim of Richard M. McMahon and Angela S. McMahon to their bankruptcy schedules. The claim arose out of the defective installation of windows in the McMahons' home in 1990 by Suburban General Contracting, sole proprietorship of the debtor, Shelton Penn Harmon. A default judgment was entered against Suburban General Contracting, Shelton Penn Harmon, principal, on May 21, 1996, in the District Court of Maryland, Baltimore County, in Case No. 0804–0002954–96. Movants were awarded $7,350.00 in damages plus $18.00 in costs.

On January 9, 1997, this Court entered an order [P. 28] reopening the case to allow the debtors to add this claim to their schedules.[1]

On January 17, 1997, the movants filed a motion to vacate the order to reopen debtors' case [P. 32]. Upon consideration of this motion, debtors' answer, [P. 34], movants' reply [P. 37], movants' supplemental memorandum [P. 41], and a hearing on the matter held on March 31, 1997, this Court denied the motion and an order was entered on April 2, 1997 [P. 43]. On April 11, 1997, movants filed the instant motion for relief from, or in the alternative, to amend the order denying their motion to vacate the order to reopen the debtors' case [P. 44].

## CONCLUSIONS OF LAW

 Section 350 of the Bankruptcy Code allows a bankruptcy court to reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b) (1997). The decision to reopen a closed bankruptcy case is entirely within the discretion of the bankruptcy court. *In re Stecklow*, 144 B.R. 314, 315 (Bankr. D.Md.1992) (*citing Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326) (4th Cir. 1984).

Courts in other circuits differ on the propriety of reopening a no–asset Chapter 7 case solely for the purpose of adding creditors inadvertently omitted from debtors' schedules.[2] There is some inconsistency

---

1. The order permitting the debtors to reopen their case was entered after an initial denial on November 14, 1996, due to the debtors' failure to give notice to movants of their filing of the motion. There was, evidently, some confusion as to the identity of Mr. McMahon as both creditor and attorney in this matter. That confusion has been resolved, and this Court will not entertain the movants' motion for sanctions, filed on January 24, 1997 [P. 30]. Upon debtors' motion for reconsideration [P. 27], the case was reopened.

2. Motions to reopen were denied in the following cases: *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir.1993) (request to reopen to add omitted debt did not result in any relief); *In re Humar*, 163 B.R. 296 (Bankr. N.D.Ohio 1993) (reopening case would not accomplish *nunc pro tunc* discharge sought by debtors); *In re Thibodeau*, 136 B.R. 7, 10 (Bankr. D.Mass.1992) (amending schedule of creditors accomplished nothing because it accorded no relief to the debtor, nor had other cause been shown to reopen); *In re Hunter*, 116 B.R. 3, 4 (Bankr.D.D.C.1990) (goals of finality and avoidance of undue expense outweighed speculative utility of reopening no–asset case); *In re Mendio-*

*la*, 99 B.R. 864 (Bankr.N.D.Ill.1989) (reopening case did not accord the debtor the relief sought as to dischargeability); *In re Karamitsos*, 88 B.R. 122 (Bankr.S.D.Tex.1988) (reopening to add creditors to no–asset Chapter 7 case was meaningless).

Motions to reopen were granted in the following cases: *In re Candelaria*, 121 B.R. 140 (E.D.N.Y.1990), *reversing In re Candelaria*, 109 B.R. 600 (Bankr.E.D.N.Y.1990) (omission is sufficient to reopen only if it was honest unintentional mistake); *In re Walker*, 195 B.R. 187 (Bankr.D.N.H.1996) (cause existed to reopen where omission of creditor was inadvertent and innocent and where creditor would not be prejudiced); *In re Jones*, 191 B.R. 265 (Bankr. D.Mass.1996) (reopening would accord relief to debtors by insuring comprehensiveness of discharge and notice to creditors); *In re Hicks*, 184 B.R. 954, 960 (Bankr.C.D.Cal.1995) (reopening might have been the only cost–effective relief available to a discharged debtor pursued by an omitted prepetition creditor); *In re Cieslak*, 168 B.R. 630, 632 (Bankr.N.D.Ohio 1994) (reopening is proper for six reasons: 1) creditor is not barred from discharge since it never received

within this circuit as well.[3] The Fourth Circuit Court of Appeals has not ruled on the issue. *In re Gardner,* 194 B.R. 576 (Bankr. D.S.C.1996).

The most persuasive argument against reopening a no–asset case is that reopening will not afford debtors greater relief than they have already obtained. Because Section 727(b)[4] discharges all prepetition debts, reopening the case is futile and a waste of judicial resources. *In re Cates,* 183 B.R. 723, 726 (Bankr.M.D.N.C.1995); *In re Carberry,* 186 B.R. 401, 403 (Bankr.E.D.Va.1995). It makes no difference whether those prepetition debts were previously scheduled or not. *In re Stecklow,* 144 B.R. at 317.

Many debtors petition the court to reopen their cases because they falsely assume that unscheduled debts will be excepted from the discharge pursuant to Section 523(a)(3). *In re Woolard,* 190 B.R. 70, 73 (Bankr.E.D.Va. 1995). This assumption stems from a misunderstanding of Section 523(a)(3), which excepts from discharge unlisted debts under certain circumstances.[5]

However, in order to except one's debt from discharge under Section 523(a)(3)(A), the omitted creditor must have been deprived of the opportunity to timely file a proof of claim. *In re Stecklow,* 144 B.R. at 317. Second, to be excepted under Section 523(a)(3)(B), the debt must be a type de-

---

notice; 2) no evidence existed that failure to schedule the debt was willful, fraudulent, or reckless; 3) no evidence existed that creditor was prejudiced because there were no assets; 4) no evidence existed that creditor attempted to execute its judgment; 5) creditor could still object to dischargeability; and 6) creditor never responded to debtors' motion to reopen); *In re McKinnon,* 165 B.R. 55, 58 (Bankr.D.Me.1994) (amendment insured proper notice to creditors if dividends were to become possible and provided important relief to debtors who wished to insure comprehensiveness of their discharge); *Miller v. Schuchardt (In re Miller),* 159 B.R. 849 (Bankr.E.D.Ark.1993) (reopening was granted because creditors were not prejudiced by doing so); *In re Crull,* 101 B.R. 60 (Bankr.W.D.Ark. 1989) (case could be reopened to allow filing of a complaint to determine dischargeability); *In re Padilla,* 84 B.R. 194 (Bankr.D.Colo.1987) (no–asset Chapter 7 could be reopened solely to allow unscheduled creditors to prove fraud, fiduciary breach, or willful and malicious injury by debtor); *In re Beshensky,* 68 B.R. 452 (Bankr. E.D.Wis.1987) (case could be reopened where error in original schedules was the result of mistake rather than fraud); *In re Davidson,* 36 B.R. 539 (Bankr.D.N.J.1983) (reopening was proper where creditor was inadvertently omitted from the schedules).

Motions to reopen were vacated and remanded in the following cases: *Judd v. Wolfe,* 78 F.3d 110 (3d Cir.1996); *In re Thompson,* 177 B.R. 443 (Bankr.E.D.N.Y.1995).

3. *In re Gardner,* 194 B.R. 576 (Bankr.D.S.C. 1996) (reopening would not accord relief sought by debtor); *In re Carberry,* 186 B.R. 401 (Bankr.E.D.Va.1995)(reopening to add omitted creditor would be futile and a waste of judicial resources); *In re Woolard,* 190 B.R. 70 (Bankr. E.D.Va.1995) (would allow reopening if debtor filed an affidavit certifying: 1) that the creditor to be added was given 30 days' notice of the intended amendment and did not object; 2) that the debtor did not intentionally omit the creditor;

and 3) that the debtor did not intend to hinder, delay or defraud the creditor); *In re Cates,* 183 B.R. 723 (Bankr.M.D.N.C.1995)(reopening case to amend schedules was futile); *In re Stecklow,* 144 B.R. 314 (Bankr.D.Md.1992) (no additional relief would be accorded to debtors by adding unscheduled creditors in a no–asset case).

4. Section 727(b) provides:

Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
11 U.S.C. § 727(b) (1997).

5. Section 523(a)(3) provides, in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b),or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), (6), or (15) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), (6), or (15) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.
11 U.S.C. § 523(a) (1997).

scribed by Section 523(a)(2), (4), (6), or (15) [6], and the omitted creditor must have been deprived of the opportunity to timely file a claim and/or a complaint to determine dischargeability pursuant to those sections. *Id.*

■ In a Chapter 7 no–asset case, Section 523(a)(3)(A) does not apply because no bar date is set for filing claims. Therefore, creditors are not deprived of anything by the inability to file a timely claim because it is not necessary to file claims in no–asset cases. *See In re Gardner,* 194 B.R. at 578; *In re Cates,* 183 B.R. at 725; *In re Woolard,* 190 B.R. at 74 (citing *Beezley v. Calif. Land Title Co.) (In re Beezley),* 994 F.2d 1433 (9th Cir.1993); *In re Stecklow,* 144 B.R. at 317. Further, Section 523(a)(3)(B) applies only if the debt is of a kind listed in Section 523(a)(2), (4), (6), or (15). *In re Gardner,* 194 B.R. at 579; *In re Cates,* 183 B.R. at 725; *In re Woolard,* 190 B.R. at 74; *In re Stecklow,* 144 B.R. at 317. Unless the claim comes within the descriptions found in these subsections, creditors are not deprived of the opportunity to have their unlisted claims deemed to be nondischargeable. Therefore, unscheduled prepetition debts in a no–asset case, in which no bar date was set, that do not arise out of fraud, false pretenses, false representation, defalcation while acting as a fiduciary, embezzlement, larceny, willful or malicious injury by the debtor, or in the course of divorce or separation not already listed in Section 523(a)(5), are discharged.

■ The debtors' motion to reopen the instant case will not accord them any more relief than has already been granted by their discharge under Section 727(b). Reopening the debtors' case to add the movants' claim to their schedules would serve no purpose, for the discharge injunction already applies to movants' claim pursuant to Section 524(a),

and this Court will not expend additional judicial resources under these circumstances.

Nevertheless, despite the granting of the motion, the movants will not receive the ultimate relief they seek because none of the exceptions to discharge allowed by Section 523(a) apply to their claim against the debtor, Mr. Harmon. They cannot except it under Section 523(a)(3). Because the debtors filed a Chapter 7 no-asset case in which no bar date was ever set, the movants were never deprived of an opportunity to file timely proof of their unlisted claim. In addition, movants' complaint against the debtors, or at least against Shelton Penn Harmon as principal of Suburban General Contracting, did not allege "such reprehensible conduct" as the sort described by Section 523(a)(2), (4), (6), or (15). *In re Stecklow,* 144 B.R. at 317. At most, movants' claim is based upon breach of contract, breach of warranty, or negligence. Like other claims of its kind, movants' claim was discharged when the respondents received their discharge on September 20, 1993. Vacating the order to reopen the bankruptcy case will not transform their discharged claim into a nondischargeable one by virtue of its having been unscheduled.

For all these reasons, the order reopening this bankruptcy case will be vacated, and the instant case will be closed.

ORDER ACCORDINGLY.

**6.** Section 523(a)(2), (4), (6), and (15) provide that the following are nondischargeable debts:
 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting debtor's or an insider's financial condition ...
 (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

 (6) for willful and malicious injury by the debtor or to another entity or to the property of another entity;
 (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ...
11 U.S.C. § 523(a)(2), (4), (6), and (15) (1997).